UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| BELLSOUTH TELECOMM., INC., ) <br> d/b/a AT&T KENTUCKY, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> KENTUCKY PUBLIC SERVICE ) <br> COMMISSION, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 3: 08-33-DCR <br><br><br><br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

*** *** *** ***

Defendant SouthEast Telephone orders certain network elements from Plaintiff AT&T Kentucky to provide telecommunications services. The parties' dispute centers on the pricing of these network elements. SouthEast now challenges the latest ruling in this case, a May 1, 2009 decision [Record No. 37] in which the Kentucky Public Service Commission was directed to award damages to AT&T Kentucky, based on the pricing advocated by AT&T Kentucky. [Record No. 38] In reaching this result, the Court rejected SouthEast's argument that § 271 of the Telecommunications Act of 1996 applied to the pricing of the disputed network elements. Instead, SouthEast had ordered the network elements as part of

AT&T Kentucy's resale system and, therefore, the resale pricing applied. Perhaps obviously, pricing under § 271 was much lower than resale pricing.[1]

SouthEast raises the current challenge as a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e). Courts have "considerable discretion" in ruling on Rule 59(e) motions. However, such alteration or amendment is warranted only if there is a "clear error of law, newly discovered evidence, an intervening change in controlling law or a need to prevent manifest injustice." *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006). Although not specifically noted, SouthEast's motion is premised on the allegation of a manifest error of law. The alleged errors are that: (1) the Court incorrectly concluded that SouthEast obtained network elements as resale services; and (2) the Court's remand instructions for damages calculation do not comply with an earlier court decision.

SouthEast's threshold contention – that the network elements were not obtained from AT&T Kentucky as resale services, but were purchased pursuant to § 271 – is incorrect. In its own brief, SouthEast states that it "used AT&T's physical resale service system . . . ." In addition, SouthEast made the same statement at oral argument before this Court on April 21, 2009. [Record No. 36]

SouthEast argues that it used the resale system "under protest," but this does not negate the obvious fact that SouthEast did actually use the system. Instead, the heart of

---

1. A more detailed procedural and legislative background is contained in the May 1, 2009 Memorandum Opinion and Order. [Record No. 37]

-2-

SouthEast's argument is that it was forced to access network elements through the resale system because AT&T Kentucky allegedly refused access pursuant to § 271. This argument was discussed and rejected in the May 2009 decision. However, to summarize, SouthEast and AT&T Kentucky were unable to negotiate a price for the network elements after the UNE platform was dismantled. AT&T Kentucky offered a rate that was seven times higher than the previous UNE rate. SouthEast was unwilling to accept this rate hike and the parties reached an impasse. Since no new price agreement had been reached under § 271 and § 251 UNE platform prices (here, TELRIC prices) no longer applied, AT&T Kentucky began billing SouthEast for the network elements under its much higher resale service rates. SouthEast continued to pay the lower TELRIC rate.

SouthEast continues to argue that, although § 251 no longer applies, AT&T Kentucky is obligated to provide network elements at a "just and reasonable" price under § 271. However, an agreement is necessary to effectuate § 271. *See* 47 U.S.C. § 271(c)(2)(A) (requiring "an agreement" for provision of services). SouthEast and AT&T Kentucky did not establish such an agreement. If SouthEast believed that AT&T Kentucky acted outside the dictates of the Telecommunications Act during the § 271 negotiations – as it intimates through references to "AT&T's unilateral decision to refuse access to network elements" – SouthEast should have taken its grievance to the FCC. [Record No. 38, p. 7]; *see* 47 U.S.C. § 271(d)(6).

Although this option may not have been financially feasible for SouthEast, the Telecommunications Act designates the FCC as the sole forum for § 271 grievances. "The

-3-

[FCC] shall establish procedures for the review of complaints concerning failures by Bell operating companies to meet conditions required for approval . . . ." 47 U.S.C. § 271(d)(6). Instead of using this forum to resolve its dispute with AT&T Kentucky over price negotiations, SouthEast took a calculated risk by paying a rate of its own choosing. At this point, since no § 271 agreement was reached, § 271 does not apply. This is the determination made by the Court in its May 2009 decision and SouthEast has presented no new evidence or law to the contrary.

SouthEast makes a second argument concerning the actual calculation of the damages amount, urging an analysis based not on SouthEast's failure to pay resale rates, but on the Kentucky Public Service Commission's erroneous orders. As background, after AT&T Kentucky began to charge SouthEast resale rates and SouthEast continued to pay the lower TELRIC rates, the parties appeared before the Kentucky Public Service Commission for a resolution of the issue. The Kentucky Public Service Commission found that the price for the network elements was governed by § 271 and set the rate as $1 over the TELRIC rate. Another Judge of this Court, the Honorable Karen K. Caldwell, enjoined the Kentucky Public Service Commission's actions and ruled that it had no jurisdiction to determine § 271 rates. Accordingly, she directed the Kentucky Public Service Commission to determine the amount of damages, if any, resulting from its unlawful orders. *BellSouth Telecomms., Inc. v. Ky. Pub. Serv. Comm'n*, 2007 WL 2736544, at *7 (E.D. Ky. Sept. 18, 2007).

The Kentucky Public Service Commission refused to undertake any damages calculation at all, stating that, pursuant to Judge Caldwell's order, it had no jurisdiction to do

so. AT&T Kentucky filed suit in federal court again, and after numerous briefs and oral argument, this Court ordered the Kentucky Public Service Commission to calculate damages based on the difference between the resale rate at which SouthEast obtained network elements, and the price SouthEast actually paid. [Record No. 37]

SouthEast contends that calculating the damages amount based on the resale rate that it did not pay, as opposed to the Kentucky Public Service Commission's erroneous order, does not comply with Judge Caldwell's order. However, it was the Kentucky Public Service Commission that failed to comply with Judge Caldwell's order, when it did not undertake any damages analysis at all. In an effort to ensure compliance with that order, this Court provided more specific damages calculation guidelines. Such action does not contravene any previous rulings, especially given that Judge Caldwell explicitly noted that the court was not addressing the issue of damages. *Id.*

Neither of SouthEast's arguments raise a manifest error of law warranting alteration or amendment of this Court's May 2009 decision. [Record No. 37] Nor do the arguments invoke any of the other grounds for alteration or amendment. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant SouthEast's motion to alter or amend the judgment [Record No. 38] is **DENIED**.

2. Given Defendant Kentucky Public Service Commission's issuance of a final determination [Record No. 46], a final Judgment will be entered in the Plaintiff's favor and the action will be removed from the Court's docket.

This 2nd day of July, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge